**IN THE UNITED STATES DISTRICT COURT T**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**JOHN DOE** and **JANE DOE**, individually ) Case No.:
)
and as next friends and parents of **JANET** )
)
**DOE**, a minor, )
)
        Plaintiffs, )
)
    vs. )
)
**BOARD OF EDUCATION FOR INDIAN** )
)
**PRAIRIE SCHOOL DISTRICT # 204;** )
)
**STEVEN SEVERSON; DR. KAREN** )
)
**SULLIVAN; FIRST STUDENT BUS** )
)
**COMPANY; DAN BAUMAN; MICHELLE** )
)
and **JERRY P.**, as parents of **VINCE P.**, a

minor,

    Defendants
_____

## VERIFIED COMPLAINT

Now come the plaintiffs, by and through their lawyer, Steven Glink and complaining against the
defendants, states as follows:

## THE PARTIES

1. At all times relevant to this complaint, John and Jane Doe were the parents of Janet Doe,
   a female student who is under 18 years of age and all of whom were and are residents of
   Naperville, Illinois.

-1-

2. At all times relevant to this complaint, Indian Prairie School District # 204 (the district) was an Illinois school district organized and operated pursuant to the Illinois School Code.

3. The district's principal business office is located in DuPage County, Illinois.

4. The district is comprised of many schools, one of which is Gordon Gregory Middle School (GGMS).

5. At all times relevant to this complaint, the members of the Board of Education (the board) for the district were elected and charged with the responsibility to operate the school district in compliance with Illinois law.

6. At all times relevant to this complaint, Dr. Karen Sullivan was hired by the board to make decisions and to be in charge of the day to day operations of all schools within the district.

7. At all times relevant to this complaint, Steve Severson was the principal in charge of making decisions and the day to day operations of GGMS.

8. At all times relevant to this complaint, First Student Bus Company (First Student) was a private corporation and had entered into a contract with the district to provide bus services to district students.

9. First Student had its principal place of business in Naperville, DuPage County, Illinois.

10. At all times relevant to this complaint, Dan Bauman was a school bus driver employed by First Student.

11. At all times relevant to this complaint, Vince P. was enrolled as a student at GGMS and was between the ages of 11-17.

12. At all times relevant to this complaint, Vince P. resided with his parents in Will County, Illinois.

13. At all times relevant to this complaint, Jerry P. and Michelle P. were the biological parents of Vince P.

## FACTS COMMON TO ALL COUNTS

14. On information and belief, the district and the GGMS are recipients of federal funds.

15. On May 18, 2015, Janet Doe was a student enrolled at GGMS and was riding a school bus in route to an after school activity (bowling).

16. Vince P. was also a student on the same bus at the same time.

17. On that date and at that time, Vince willfully and maliciously committed acts of sexual molestation against Janet by repeatedly fondling her private areas, even after Janet told him repeatedly to stop.

18. In addition to the above, Vince also spat on Janet and hit her in the head with his book bag several times.

19. On March16, 2015, Janet's mother sent an email to Kim Williams, a district/board employee informing her that Vince had been touching Janet inappropriately by "smacking her butt and touching her breasts" (a copy of the email is attached as exhibit A).

20. After the date of the incident in alleged in this complaint, principal Severson admitted to the Aurora police that the school defendants had been informed of at least twelve (12) prior incidents of inappropriate sexual contact by Vince against other students.

21. The school defendants had actual and imputed knowledge of Vince's propensity of sex offender-like behavior against other students.

22. On information and belief, Vince is a special education student who had an individual education plan that required the school to provide him with a 1:1 aide in school and at all school related activities, including but not limited to the school bus.

## COUNT I-VIOLATION OF TITLE IX

23. Plaintiffs incorporate their allegation in paragraphs 1-22 as their allegations for this count.

24. Title IX of the Education Amendments of 1972, 20 USC 1681, et. seq., provides that no person shall, on the basis of sex, be excluded from participation in, or denied the benefits of, or be subjected to discrimination under any educational program or activity receiving federal financial assistance.

25. Under *Cannon v. University of Chicago*, 441 U.S. 677, 99 S. Ct. 1946 (1979) and *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 112 S. Ct. 1028 (1992), plaintiffs have a private right of action for monetary damages, including punitive damages for if the school district/board of education shows deliberate indifference towards the plaintiff in dealing with sex discrimination and/or sexual harassment.

26. The school defendants owed a duty to the minor plaintiff to investigate complaints of sexual harassment/ sexual abuse committed by students against other students.

27. The school defendants also had a duty to protect female students, and Janet Doe in particular, from acts of sexual harassment and/or sexual abuse by male students, and Vince in particular.

28. The school defendants violated the duties owed to Janet Doe in one or more of the following ways:

    a) Failed to properly investigate any of the twelve reported prior incidents of sexual harassment/ sexual abuse by Vince against other students;

    b) Failed to properly investigate Mom's March 16, 2015 report of sexual abuse/sexual harassment by Vince against Janet Doe;

c) Failed to take appropriate action to protect Janet Doe from further acts of sexual harassment/sexual abuse by Vince at school, on the school bus or at school events;

d) Failed to provide adequate supervision of Vince on the school bus;

e) Failed to ensure that Janet Doe was able to participate equally in school related activities and programs without being in fear of further acts of sexual harassment by Vince.

29. The above described facts demonstrate an utter indifference to Janet Doe's wellbeing and rights under Title IX.

30. As a direct and proximate result of the school defendants' acts or omissions, Janet has been denied an equal opportunity to attend school and participate equally in school sponsored programs because she is afraid of Vince and because she becomes severely anxious seeing him or knowing he is in close proximity to her.

31. As a direct and proximate result of the school defendants' acts or omissions, the plaintiffs have suffered physical and emotional injuries.

WHEREFORE, plaintiffs respectfully pray that the Court enter judgment in their favor in an amount in excess of $500,000 as compensatory damages.

Plaintiffs further pray that the Court enter an award of $1,000,000.00 in their favor against the school defendants as punitive damages for their reckless indifference towards Janet Doe.

Plaintiffs also pray that the Court enter an order upon the school defendants to take appropriate corrective action to protect Janet Doe from further acts of sexual harassment/ sexual abuse by Vince, including but not limited to prohibiting Vince from attending the same high school as Janet and from participating in any activities with Janet.

## COUNT II-NEGLIGENCE AGAINST THE SCHOOL DEFENDANTS

32. The school defendants owed a duty of care to Janet to ensure that Vince had no inappropriate contact with her.

33. The school defendants owed a special duty of care to Janet because she was a special education student and the school defendants were in a fiduciary position of trust.

34. The school defendants violated that duty to Janet in one or more of the following ways:

    a. Carelessly and negligently failed to place a 1:1 aide on the school activity bus to watch Vince P.;

    b. Carelessly and negligently failed to inform the bus company and bus driver Bauman of Vince's propensities for inappropriate sexual behaviors;

    c. Carelessly and negligently failed to inform Janet's parents that Vince had a long documented history of inappropriate sexual contact with other students;

    d. Carelessly and negligently failed to ensure that Vince did not sit next to Janet on the school activity bus;

    e. Carelessly and negligently failed to protect Janet from Vince's sexually inappropriate behavior;

    f. Carelessly and negligently failed to supervise Vince on the activity bus;

    g. Was otherwise careless and negligent.

35. As a direct and proximate result of defendants' negligent acts or omissions, Vince repeatedly inappropriately touched Janet's private parts on the school activity bus, which caused Janet and her parents to suffer severe emotional distress and other personal injuries.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter a judgment in their favor against all of the school defendants, jointly and severally in an amount in excess of $500,000.00 plus costs.

## COUNT III-WILFUL AND WANTON AGAINST THE SCHOOL DEFENDANTS

36. Plaintiffs reallege their allegations contained in paragraphs 1-35 of count I as their allegations for count III herein.

37. The school defendants had a duty to refrain from acting with an utter indifference to Janet's safety.

38. In violation of that duty, the school defendants acting willfully and wantonly towards Janet in the following ways:

   a. Willfully and with an utter indifference for Janet's safety failed to provide a 1:1 aide on the school activity bus to monitor Vince's behavior;

   b. Willfully and with an utter indifference for Janet's safety failed to inform the bus company and/or bus drive Bauman that Vince had a propensity to engage in sexually inappropriate behavior towards other students;

   c. Willfully and with an utter indifference for Janet's safety failed to inform Janet's parents of Vince's propensity for sexually inappropriate behavior towards other students;

   d. Willfully and with an utter indifference for Janet's safety failed to ensure that Vince did not sit next to Janet on the school activity bus;

   e. Willfully and with an utter indifference for Janet's safety failed to protect Janet from Vince's sexually inappropriate behaviors;

   f. Willfully and with an utter indifference for Janet's safety failed to supervise Vince on the school activity bus;

   g. Was otherwise guilty of willful and wanton conduct toward Janet.

39. As a direct and proximate result of the school defendants' willful and wanton acts or omissions, Vince was able to repeatedly inappropriately touch Janet's private parts on the

school activity bus, which caused Janet and her parents severe emotional distress and other personal injuries.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter a judgment in their favor and against the school defendants, jointly and severally in an amount in excess of $500,000.00 plus costs.

## COUNT IV NEGLIGENCE AGAINST FIRST STUDENT AND DAN BAUMAN

40. At all times relevant to this complaint, First Student was a common carrier as defined by law.

41. At all times relevant to this complaint, Bauman was an employee of First Student and was the driver of the school activity bus on the day of the incident described in this complaint.

42. While he was driving the school activity bus, Bauman saw Vince P. sitting next to Janet in the back of the bus. Bauman also saw Vince engaging in suspicious behavior while sitting next to Janet.

43. Bauman also heard Janet repeatedly crying and telling Vince to stop.

44. Bauman also heard other students repeatedly yelling to Vince "what are you doing back there?"

45. Bauman and First Student knew or should have known that Vince had a history of inappropriate behavior.

46. Bauman and First Student had a duty to act in a reasonable manner to supervise the behavior of students on the school activity bus.

47. Bauman and First Student violated their duties in one or more of the following ways:

   a. Carelessly and negligently failed to stop the bus and investigate to see what was going on between Janet and Vince;

b. Carelessly and negligently failed to separate Vince from Janet and/or move Vince to a different seat;

c. Carelessly and negligently failed to adequately supervise Vince's behavior on the bus;

d. Carelessly and negligently allowed Vince to sit next to Janet in the back of the bus;

e. Carelessly and negligently failed to provide a bus aide / monitor to assist Bauman to monitor the behavior of students on the bus;

f. Was otherwise careless and negligent.

48. As a direct and proximate cause of Bauman's and First Student's negligent acts or omissions, Vince was able to repeatedly inappropriately touch Janet's private parts while on the bus, which caused Janet and her parents to suffer severe emotional distress and other personal injuries.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter judgment in their favor and against First Student and Don Bauman, jointly and severally in an amount in excess of $500,000.00 plus costs.

## COUNT V- LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS

49. Plaintiffs reallege their allegations in paragraphs 1-48 of count I as there allegations in count V herein.

50. John and Jane Doe are Janet Doe's biological parents.

51. As a direct and proximate cause of the above-described acts or omissions by all defendants Janet's parents have lost the love, closeness and consortium of their relationship with their daughter.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter a judgment in their favor and against all defendants, jointly and severally in an amount in excess of $500,000.00 plus costs.

## COUNT VI-FAMILY EXPENSE ACT AGAINST ALL DEFENDANTS

52. Plaintiffs reallege their allegations in paragraphs 1-48 above as their allegations for count VI herein.

53. As a direct and proximate result of the defendants' negligent and/or willful and wanton acts or omissions, the plaintiffs were injured physically and emotionally.

54. As a direct and proximate result of the aforesaid injuries, plaintiffs' minor child incurred medical expenses for which the parents are obligated to pay pursuant to the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter judgment in their favor and against all defendants, jointly and severally for an amount in excess of $50,000 plus costs.

## COUNT VII-VIOLATION OF PARENTAL RESPONSIBILITY LAW

55. Plaintiffs reallege their allegations in paragraphs 1- 22 as their allegations for count VII herein.

56. At all times relevant to this complaint, there was in force and effect in Illinois a law known as the Parental Responsibility Law, 740 ILCS 115/1, et seq.

57. Jerry and Michelle P. are the legal guardians of Vince as defined by section 115/2 (1) of the statute.

58. Vince P. is a minor as defined by section 115/2 (2) of the statute.

59. Vince's acts of repeatedly touching Janet's private parts on the school activity bus over her repeated objections constitute willful and/or malicious acts as defined in section 115/3 of the statute.

60. Vince's willful and malicious acts caused severe emotional distress and other personal injuries to Janet and her parents.

61. Vince's parents are strictly liable to the plaintiffs for Vince's willful and malicious acts as provided in section 115/3 of the statute.

WHEREFORE, plaintiffs respectfully pray that this Honorable Court enter a judgment in their favor and against Jerry and/Michelle P., jointly and severally in the amount of $20,000.00 plus costs and reasonable attorney's fees.

Respectfully Submitted,

By: s/ Steven Glink

Law Offices of Steven Glink, ARDC # 6180869
Attorney for Plaintiffs
3338 Commercial Avenue
Northbrook, Illinois 60062
847-480-7749 (voice)
847-480-9501 (facsimile)
steve@educationrights.com

**Subject:** Concern
**From:** Cathy <████████@gmail.com>
**Date:** 3/16/2015 8:50 PM
**To:** "Williams, Kim" <████████@ipsd.org>

Hi Kim,
Emma has been telling me this a few times and now I want to bring it to your attention.
Vince has been smacking Emma's butt and toughing her breasts. That is an
inappropriate behavior and it has to to stop. Please do not put Emma and Vince
together. I did ask Emma if she has told a teacher and she said yes, but I am not sure
that is true.

We have are own issues as we are constantly telling Emma to stop touching people's
stomachs. It is an up-hill battle. So I know it is not easy to tell Vince to stop when we
can't even stop Emma from doing her inappropriate behavior.

I do not know the answer but other than to separate them.

Cathy



Exhibit

A

## CERTIFICATION

We, John Doe and Jane Doe, having been duly sworn on oath, and subject to the penalties of perjury provided by law, do solemnly swear or affirm that I have read the foregoing Verified Complaint and state that, to the best of our knowledge, the information contained therein is true and correct..

John and Jane Doe

Signed and sworn before me this 23rd

Day of April, 2016.

Notary Public

OFFICIAL SEAL
STEVEN E GLINK
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 08/23/16